IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ty'Kee Walmsley, | C/A No.: 0:24-3730-MGL-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Encompass Health Rehabilitation Hospital of Rock Hill, LLC, | |
| Defendant. | |

Ty'Kee Walmsley ("Plaintiff"), proceeding pro se, sues her former employer Encompass Health Rehabilitation Hospital of Rock Hill, LLC ("Defendant"),[1] claiming it violated the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA") and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Defendant seeks partial dismissal of Plaintiff's ADA claim that Defendant discriminated by failing to promote her.

This matter comes before the court on Defendant's partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [ECF No. 18]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss procedures and the possible

---

[1] Defendant informs the court that it has been improperly identified as Encompass Health Rehabilitation Hospital. [*See* ECF No. 18 at 1]. The court uses Defendant's correct name and directs the Clerk of Court to correct the caption accordingly.

consequences if she failed to respond adequately to Defendant's motion. [ECF No. 20]. Defendant's motion having been fully briefed [*see* ECF Nos. 23, 24], it is ripe for disposition.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendant's partial motion to dismiss.

I.   Factual and Procedural Background

On March 11, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging she was discriminated and retaliated against, stating in full as follows:

> I was employed with Encompass as a Human Resources Assistant, and during my employment with the company I was a dedicated and hardworking employee. I did not experience any issues in the workplace until Kiona Jay became my direct supervisor in January 2023. Shortly after Ms. Jay became my supervisor, she was advised that I suffer from several disabilities. After providing medical certification, I was approved for several accommodations throughout 2023 including being provided with dim lighting and a quiet work area as well as being provided with time off for doctors' appointments and flare ups through the utilization of FMLA leave. After Ms. Jay became aware of my disabilities and my need for accommodations, she began to treat me in a negative manner including regularly yelling at me and speaking to me in a demeaning and/or belittling manner. Ms. Jay also started regularly shifting job duties to me to perform even though she was supposed to perform them as the Human Resources Director. She would also assign multiple tasks to me

claiming they were all priority and when I asked for clarification as to which task should be completed first, Ms. Jay would refuse to provide any response or guidance. Ms. Jay also retaliated against me with respect to my utilization of FMLA leave. Ms. Jay would refuse to permit me to return to work without a doctor's note, and when one was provided, she would refuse to accept it claiming the information was insufficient. Ms. Jay would also deliberately mess with Ms. Walmsley's schedule and would deny my requests to use only a half day for FMLA and would instead require me to utilize the full day.

I escalated my concerns about the hostile work environment I was experiencing to Kelly Helms/Human Resources Business Partner, Kristi Crossland/Regional Vice President Human Resources, and Scott Butler/CEO; however, nothing was done to address my complaints, I was given contradictory information from Mr. Butler and Ms. Helms, and Mr. Butler told me that Ms. Jay was my superior and she was given carte blanche to do as she saw fit. The discrimination and hostile work environment continued to escalate. Then, on November 15, 2023, Ms. Jay and I had a morning huddle. Rather than meeting in a private enclosed area, Ms. Jay required these meetings to take place in an open area where other employees could overhear the conversations. The purpose of this meeting was to discuss certain processes and procedures within the department and Ms. Jay accused me of failing to perform my job duties with respect to new hires. However, when I explained to Ms. Jay that when she hired the new individual in the Taleo system that closed the requisition, and I was no longer able to access the documents to complete the 1-9. Ms. Jay refused to take any responsibility for her error or the fact that completing the 1-9 was her responsibility, and instead continued to blame me and accused me of refusing to perform my job duties. Nothing else was said to me about this conversation until November 28, 2023, when I was suspended. I was then terminated shortly thereafter, under pretext.

I believe I was discriminated against because of my disabilities, I was denied reasonable accommodations, and I was retaliated against following my engagement in protected activity in violation of Title I of the Americans with Disabilities Act of 1990 and the South Carolina Human Affairs Law.

[ECF No. 1-1 at 3–4].

After the EEOC issued Plaintiff a right to sue letter, *id.* at 1, she filed a complaint, stating she had been discriminated against based on disability and had been retaliated against. [ECF No. 1 at 5]. Plaintiff additionally checked the following boxes concerning what types of discrimination she alleges she experienced: termination of employment, failure to promote, failure to accommodate, unequal terms and conditions of employment, and retaliation. *Id.* at 4.

II.   Discussion

    A.   Standard on Motion to Dismiss

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be based. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Defendant argues that Plaintiff's claim based on a failure-to-promote theory should be dismissed because she failed to administratively exhaust any such claim. [ECF No. 18]. The undersigned agrees that Plaintiff cannot bring such a claim pursuant to the ADA without first exhausting it, where the ADA has the same exhaustion requirements as under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). *See, e.g.*, 42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117(a) (ADA adopts procedures set forth in § 2000e-5(e)); *Smith v. First Union Nat's. Bank*, 202 F.3d 234, 247 (4th Cir. 2000) ("Before filing suit under Title VII a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC [or SCHAC]"). *Keith v. Volvo Grp. N. Am., LLC*, No. 23-1178, 2024 WL 1193096, at *3 (4th Cir. Mar. 20, 2024) ("A plaintiff must exhaust their administrative remedies before filing a lawsuit raising an ADA claim . . . . The ADA's exhaustion requirements are identical to those applied to Title VII claims.") (citation omitted)).

6

The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. *King v. Seaboard Coast Line R.R.*, 538 F.2d 581, 583 (4th Cir. 1976) (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge'") (citing *Equal Emp. Opportunity Comm'n v. Gen. Elec. Co.*, 532 F.2d 359, 365 (4th Cir. 1976)); *see also Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit.").

One of the primary purposes behind the exhaustion of administrative remedies requirement is to give notice to an employer of the plaintiff's allegations. As stated by the Fourth Circuit:

> Congress intended the exhaustion requirement to serve the primary purpose of notice and conciliation. First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory action. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

*Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) (internal citations omitted); *see also id.* at 509 (holding that if a discrimination claim "exceed[s] the scope of the EEOC charge and any charges that would naturally have

7

arisen from an investigation thereof, they are procedurally barred.") (citations omitted)).

Here, Plaintiff included no reference or assertion that she was not promoted for any reason or specifically because of her disabilities. To the extent Plaintiff seeks to assert additional discrimination claims, even though such claims were never included in her charge, she "cannot now attempt to expand the scope of [her] charge with entirely new claims and allegations because the charge frames the scope of future litigation." *Workman v. Bill M.*, C/A No. 6:17-972-RBH-KFM, 2017 WL 4863055, at *5 (D.S.C. Aug. 29, 2017) (citations omitted), report and recommendation adopted, C/A No. 6:17-00972-RBH, 2017 WL 4843968 (D.S.C. Oct. 26, 2017), aff'd, 717 F. App'x 278 (4th Cir. 2018); *see also Keith*, 2024 WL 1193096, at *3 (dismissing the plaintiff's interference claim for failure to exhaust where "the narrative portion of Keith's charge solely relates to his failure-to-accommodate claim").

Accordingly, Plaintiff's failure-to-promote claim brought pursuant to the ADA should be dismissed with prejudice. *See, e.g., Kelly v. QVC*, C/A No. 4:17-02858-RBH, 2018 WL 3322970, at *2 (D.S.C. July 6, 2018) ("Accordingly, the Court will dismiss with prejudice Plaintiff's claims of retaliation and discrimination based on national origin, religion, and disability because he did not exhaust his administrative remedies as to these claims."); *see also Kramer v. Omnicare ESC, LLC*, 307 F.R.D. 459, 465 (D.S.C. 2015) ("[C]ourts

8

have denied leave to amend as futile discrimination claims for failure to exhaust administrative remedies.") (citations omitted)).

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Defendant's partial motion to dismiss, dismissing Plaintiff's ADA failure-to-promote claim with prejudice. [ECF No. 18].

IT IS SO RECOMMENDED.

October 16, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).