

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| TY'KEE WALMSLEY,           §<br>          Plaintiff,           §<br>                                        §<br>vs.                                   §<br>                                        §<br>ENCOMPASS HEALTH REHABILITATION §<br>HOSPITAL OF ROCK HILL, LLC,  §<br>          Defendant.            § | Civil Action No. 0:24-3730-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Ty'Kee Walmsley (Walmsley), who is representing herself, filed this civil action against her former employer, Defendant Encompass Health Rehabilitation Hospital of Rock Hill, LLC (Encompass), alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act of 1993, 26 U.S.C. § 2601 et seq.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court grant Encompass's motion for summary judgment.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 1, 2025.  To date, Walmsley has failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review[] but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Encompass's motion for summary judgment is **GRANTED**, and Walmsley's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 23rd day of October 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Walmsley is hereby notified of her right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.